IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRAVIS R. ARGABRIGHT, :

        Plaintiff, : Case No. 3:11cv244

vs. : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY, :

        Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR THE PAYMENT OF BENEFITS UNDER THE SOCIAL SECURITY ACT WITH AN ONSET DATE OF SEPTEMBER 1, 2007; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On August 6, 2012, the United States Magistrate Judge filed a Report and Recommendations (Doc. #13), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be reversed, and that the captioned cause be remanded to the Defendant Commissioner for the payment of benefits under the Social Security Act with an onset date of September 1, 2007. Based upon reasoning and citations of authority

set forth in the Magistrate Judge's Report and Recommendations (Doc. #13), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #8), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Defendant's Objections to said judicial filing (Doc. #14) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed, and the captioned cause remanded to the Defendant Commissioner for the immediate payment of benefits, with an onset date of September 1, 2007.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence and if the administrative law judge employed the correct legal criteria." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole

contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of

credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Administrative Law Judge erred in giving Dr. Kraut's opinion "little weight" because she ignored the medical evidence in the record supporting that physician's opinion. The conflicting opinion of the non-examining, non-specialist physician, Dr. Manos, does not amount to substantial evidence for the ALJ to flatly reject Plaintiff's treating physician's opinion, particularly in light of the otherwise significant and consistent evidence in favor of his opinion.

2. In this Court's opinion, all substantial factual issues have been resolved and the record reflects that Plaintiff is disabled, with an onset date of September 1, 2007. At the very least, proof of disability is strong and opposing evidence is lacking in substance, to the point that a remand for further proceedings would merely involve the presentation of cumulative evidence. Accordingly, a remand for the payment of benefits, rather than

one for further administrative proceedings, is ordered. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #14) are overruled. Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, reversing the decision of the Defendant Commissioner, and remanding the captioned cause to the Defendant Commissioner for the immediate payment of benefits with an onset date of September 1, 2007.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 27, 2012

_____
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record

-5-