IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TRAVIS R. ARGABRIGHT, | : | Case No. 3:11-cv-244 |
| Plaintiff, | | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| vs. | | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATION[1]

On September 27, 2012, Judge Rice adopted the undersigned's Report and Recommendation, reversing and remanding this case, under Sentence Four, for an award of benefits. Docs. 13, 16. As a result of the Court's Order, Plaintiff was awarded $40,757.00 in past-due Supplemental Security Income benefits. *See* doc. 18-3. This matter is now back before the Court pursuant to two motions filed by Plaintiff's counsel: (1) for a 25% attorney's fee award under the Social Security Act, 42 U.S.C. § 406(b)(1) (doc. 18); and (2) for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. 19).

It is permissible to seek attorney's fees under both EAJA and the Social Security Act. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989); *Meyers v. Heckler*, 625 F. Supp. 228, 231-32 (S.D. Ohio 1985). While an EAJA fee award "is authorized against the public fisc," a fee award under the Social Security Act, "comes out of the claimant's disability monies." *Meyers*, 625 F. Supp. at 231. Further, an application for EAJA fees is "deemed to be made on behalf of the claimant by counsel"; in contrast, a motion for fees under the Social Security Act is

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

deemed to be made on counsel's behalf against his or her client. *Id.* Accordingly, any funds awarded pursuant to EAJA serve as a reimbursement to the claimant for attorney's fees paid out of his or her disability award. *Id.* Where awards are made under both EAJA and the Social Security Act, counsel must refund the lesser fee award to his or her client. *Jankovich*, 868 F.2d at 871 n.1.

## I.

In the Social Security Act motion, Plaintiff's counsel requests the Court to authorize a fee award in the amount of $10,189.25. In support of her motion, counsel has attached the contingency fee agreement between Plaintiff and counsel (doc. 18-2); counsel's affidavit attesting to her background and hourly rate (including an itemized statement of the services counsel rendered) (doc.18-1); and a copy of the Award Notice to Plaintiff (doc. 18-3). The Commissioner does not oppose counsel's request for $10,189.25 in fees. Doc. 21.

Title 42 U.S.C. § 406(b) authorizes the Court to award attorney's fees following the successful prosecution of Social Security disability appeals. However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. 42 U.S.C. § 406(b). Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingency-fee agreements," but rather "calls for the court to review such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a

contingency fee award may be appropriate when counsel acted improperly or provided ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, counsel and Plaintiff have a contingency fee agreement which provides that counsel's fees will be 25% of Plaintiff's past-due benefits. *See* doc. 18-2. Counsel's itemized statement indicates that counsel spent 42.25 hours representing Plaintiff before this Court. *See* doc. 18-1 at PageID 884-89. Therefore, counsel's requested fee of $10,189.25 for 42.25 hours calculates to be an hourly rate of $241.17. Using a conservative hourly rate of $175, *see Vaughn*, *infra*, the requested contingency fee is *per se* reasonable because the hypothetical hourly rate is less than $350.00 (*i.e.*, twice of $175.00). *See Hayes*, 923 F.2d at 422. Further, there have been no allegations of, nor has the Court found any instances of, improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the

requested fee.[2] Quite to the contrary, Plaintiff was well represented by counsel in this case. Therefore, counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) should be granted. *Accord Vaughn v. Astrue*, No. 3:08-cv-377, 2012 U.S. Dist. LEXIS 117073, at *7 2012 WL 3585928, at *3 (S.D. Ohio Aug. 20, 2012) (Merz, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 128481 (S.D. Ohio Sept. 10, 2012) (Rice, J.) (finding a contingency fee award was reasonable, pursuant to *Hayes*, as the hypothetical hourly rate was calculated to be less than twice a conservative standard hourly rate of $180.00).

## II.

In Plaintiff's initial EAJA petition, he requested a fees/costs award of $3,850.00 ($3,500.00 in attorney's fees and $350.00 in costs). Doc. 19. In response to that fee petition, Plaintiff and the Commissioner jointly filed a stipulation for EAJA fees/costs in a reduced amount: $3,500.00 ($3,150 in attorney's fees, and $350 in costs). Doc. 22. (This stipulation is, essentially, a joint, unopposed motion for $3,500.00 in EAJA fees/costs.) Accordingly, the Court views Plaintiff's initial fee petition (for $3,850.00) as moot. The sole matter before the Court, therefore, is the unopposed, joint stipulation for $3,500.00 in EAJA fees/costs.

EAJA provides for an award of attorney's fees/costs to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). A party who wins a Sentence Four remand is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*,

---

[2] The Court further notes that Plaintiff's counsel represented him at the administrative hearing, as well as before the Appeals Council. *See* doc. 18 at PageID 879. Thus, this is not a case in which "minimal effort" was expended. *See Royzer*, 900 F.2d at 982.

4

509 U.S. 292, 301-02 (1993). EAJA fees and costs are payable to the litigant. *Astrue v. Ratliff*, ___U.S.___, 130 S. Ct. 2521, 2524 (2010).

As a preliminary matter, the Court notes that Plaintiff is entitled to an EAJA fees/costs award, as he is the prevailing party, *see Shalala*, 509 U.S. at 301-02; and the Commissioner does not argue it was not substantially justified in its position. *See* doc. 22. Nor do "special circumstances exist warranting a denial of fees." *See Bryant*, 578 F.3d at 445. Plaintiff's counsel, as noted above, advises the Court that she worked 42.25 hours on this matter. Doc. 20 at PageID 895. At the stipulated amount of $3,150.00 in attorney's fees, this calculates as $74.56 per hour -- an hourly rate not challenged by the Commissioner. Having reviewed Plaintiff's affidavit, which includes her time sheet entries, *see* doc. 19-1, and considering the nature of the work counsel performed in this matter, the Court finds the requested fee without question reasonable. *See, e.g., Kash v. Comm'r of Soc. Sec.*, No. 3:11-cv-44, 2012 U.S. Dist. LEXIS 106215, at *3-9, 2012 WL 3112373, at *2-3 (S.D. Ohio July 31, 2012) (Newman, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 118971, at *1, 2012 WL 3636936, at *1 (S.D. Ohio Aug. 21, 2012) (Rice, J.) (finding an hourly rate of $176.36 reasonable in an EAJA fee application). Accordingly, Plaintiff is entitled to an EAJA fees/costs award in the amount of $3,500.00 ($3,150.00 for attorney's fees and $350.00 for costs).

### III.

Based upon the foregoing analysis, **IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's unopposed motion for attorney's fees under 42 U.S.C. § 406(b) (doc. 18) be **GRANTED**, and Plaintiff's counsel be **AWARDED** the sum of $10,189.25 in attorney's fees;

2. Plaintiff's initial application for an EAJA fees and costs award (doc. 19) be found **MOOT AND DENIED**;

    3.      The stipulation for an EAJA fees and costs award (doc. 22), filed jointly by Plaintiff and the Commissioner, be **GRANTED,** and Plaintiff be **AWARDED** the sum of $3,500.00 in EAJA fees and costs;

    4.      Pursuant to *Jankovich*, *supra*, 868 F.2d at 871 n.1, Plaintiff's counsel be **ORDERED** to pay this lesser EAJA sum to her client; and

    5.      As no further matters remain pending for review, this case remain **TERMINATED** upon the Court's docket.

January 11, 2012                                                             s/ **Michael J. Newman**
                                                                                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).